United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10819
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR MENDOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CR-47-19
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Omar Mendoza appeals his convictions for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and for being a felon in possession of a firearm. Mendoza moved to suppress the evidence discovered during the search of his residence. Following a suppression hearing, the district court denied the motion, finding that the police officers and the judge issuing the warrant acted in good faith and that the warrant was supported by probable cause. Mendoza argues that this was error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing the denial of a motion to suppress evidence discovered pursuant to a search warrant, a court first determines whether the good-faith exception to the exclusionary rule announced in United States v. Leon, 468 U.S. 897 (1984), applies. United States v. Cherna, 184 F.3d 403, 407 (5th Cir. 1999). The good-faith exception applies only where the affidavit supporting the warrant "establish[es] a nexus between the house to be searched and the evidence sought." United States v. Broussard, 80 F.3d 1025, 1034 (5th Cir. 1996).

Mendoza raises two arguments to conclude that the good-faith exception does not apply. He first argues that the affidavit was so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable. See Cherna, 184 F.3d at 407-08. This argument fails. In United States v. Green, 634 F.2d 222, 226 (5th Cir. 1981), this Court stated:

> The justification for allowing a search of a person's residence when that person is suspected of criminal activity is the common-sense realization that one tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained. In normal situations, few places are more convenient than one's residence for use in planning criminal activities and hiding fruits of a crime.

Here, the affidavit contains specific assertions that (1) Mendoza was distributing marijuana, (2) the police corroborated this information through a credible source, and (3) 602 South Pittsburgh was under the control of Mendoza. Under Green, the affidavit

established the necessary nexus between 602 South Pittsburgh and the contraband.

Mendoza's second argument is that the magistrate judge abandoned his judicial role in issuing the warrant. See Cherna, 184 F.3d at 407-08. Mendoza speculates that the judge did not give the warrant sufficient consideration because it was presented late at night. The record refutes this speculation: Officer Redden testified that the judge questioned him specifically regarding the source of the information contained in the affidavit. Mendoza has not shown that Judge Broad abandoned his judicial role. United States v. Broussard, 80 F.3d 1025, 1035 n.6 (5th Cir. 1996). The district court thus did not err in concluding that the good-faith exception applied in this case. See Cherna, 184 F.3d at 407.

Mendoza next asserts that the evidence was insufficient to allow the jury to conclude that he participated in the drug conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. Because Mendoza failed to move for acquittal on the basis of insufficient evidence of participation in the conspiracy, this claim is reviewed for plain error only. See United States v. Herrera, 313 F.3d 882, 884-85 (5th Cir. 2002) (en banc), cert. denied, 123 S. Ct. 1375 (2003); United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002).

Mendoza finally contends that he was not part of the larger conspiracy because he was an independent businessman paying cash for the narcotics from his suppliers, that he had no stake in their

enterprise, and that they had no stake in his.  Although evidence of a buyer-seller relationship alone is insufficient to support a conspiracy conviction, evidence indicating that both parties to the sale knew that the drugs were meant for resale is sufficient to establish a distribution conspiracy between them.  United States v. Casel, 995 F.2d 1299, 1306 (5th Cir. 1993).  Mendoza concedes that the Government proved an agreement between Denise and Daniel Contreras and others to distribute large quantities of methamphetamine.  Mendoza also concedes that the Government presented the testimony of Denise and Daniel Contreras that he bought between 20 and 40 pounds of methamphetamine from them. Intent to distribute may be inferred from possession of a large amount of contraband.  United States v. Lopez, 979 F.2d 1024, 1031 (5th Cir. 1992).  The evidence presented was sufficient to allow a jury to find that Mendoza participated in the conspiracy to distribute methamphetamine.

AFFIRMED.